UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cr-00082-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>MEO FELIPE BROWN, )<br>a/k/a "Life," )<br>)<br>      Defendant. )<br>)| ORDER |

THIS MATTER is before the Court on Defendant Meo Felipe Brown's Motion for Compassionate Release pursuant to 18 U.S.C § 3582(c) (Doc No. 48) and Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 50). For the reasons which follow, Defendant's motions are DENIED.

**I.  BACKGROUND**

Defendant was indicted on April 23, 2008 after he was identified in a drug conspiracy as a supplier of cocaine and cocaine base. (Doc. No. 3, p. 1). On November 3, 2008, Defendant entered a voluntary plea of guilty to Conspiracy to Possess with Intent to Distribute, and Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 14). On March 29, 2010, the Court sentenced Defendant to 120 months of imprisonment with 5 years of supervised release immediately following incarceration. (Doc. No. 22, p. 2-3). On May 15, 2019, Defendant was charged with violating the terms of his supervised release. (Doc. No. 32). On December 5, 2019, Defendant admitted to violating the terms of supervision and was sentenced by the Court to 15 months of imprisonment, followed by an additional 3 years of supervised release. (Doc. No. 46). Defendant has served approximately 8 months of that sentence. (Doc. No. 51, p. 1).

On April 2, 2020, Defendant requested Warden Beard of FCI Ashland, KY for home

1

detention under the CARES Act. (Doc. No. 48, p. 2-3). Defendant claims to suffer from chronic blood pressure, and to be in remission from "52 aggressive treatments of chemo[therapy] and radiation." Id. at 1. On April 30, 2020, Warden Beard denied Defendant's request citing Defendant's Medium Risk Recidivism Rate in the Pattern System and Defendant's "past violence history of Assault with a Deadly Weapon." Id. at 3.

Defendant now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release to home confinement from the custody of the Bureau of Prisons ("BOP"), relying on the threat posed by the COVID-19 pandemic. (Doc. Nos. 48, 50).

## II. DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE AND SENTENCE REDUCTION

In his Motion for Compassionate Release, Defendant cites the COVID-19 coronavirus pandemic, his high blood pressure, and his cancer treatment as reasons for his immediate release to home confinement. (Doc. No. 48). The Government argues Defendant's request for sentence reduction should be denied because the Defendant has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. (Doc. No. 51, p. 9).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may *not* modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

2
Case 3:08-cr-00082-FDW   Document 53   Filed 08/21/20   Page 2 of 6

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>     (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>     (ii) The defendant is –
>         (I) suffering from a serious physical or medical condition,
>         (II) suffering from a serious functional or cognitive impairment, or
>         (III) experiencing deteriorating physical or mental health because of the aging process,
>     that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3. Additional factors the court must consider when reducing sentences include "(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(2)-(3).

As a preliminary matter, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The United States does not argue Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" supporting his motion pursuant to § 3582(c)(1)(A)(i).[2] Presuming without deciding that Defendant has demonstrated the existence of extraordinary and compelling reasons, the Court proceeds to the § 3553(a) inquiry.

---

[2] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

Defendant committed a serious drug offense by trafficking cocaine and cocaine base. (Doc. No. 3). In addition to this serious drug offense, Defendant has a lengthy criminal history, which includes convictions for felonious assault, Possession of a Handgun by a Minor, and Assault With a Deadly Weapon Inflicting Serious Injury. (Doc. No. 18, p. 7-13; Doc. No. 51, p. 14). Defendant more recently violated the terms of his supervised release for a drug conspiracy by brokering a substantial number of drug deals—two for cocaine or cocaine base and twenty for marijuana. (Doc. No 46; Doc. No. 51, p. 15). In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence of drug dealing, both in his initial act and in the violation of his supervised release. The Court must protect the public from the possible danger of Defendant's continued narcotics behaviors when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors and his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release, and therefore, his Motions for Compassionate Release and Reduction of Sentence (Doc. Nos. 48, 50) are DENIED.

### III. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent the motions can be construed as a request for the Court to release Defendant to home confinement, the Court does not have the authority to direct BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the

5
Case 3:08-cr-00082-FDW    Document 53    Filed 08/21/20    Page 5 of 6

decision where to house inmates is at the core of prison administrators' expertise."); <u>United States v. Gray</u>, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. <u>United States v. Voda</u>, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

## IV. MOTION TO APPOINT COUNSEL

Finally, to the extent Defendant seeks the appointment of counsel, <u>e.g.</u>, (Doc. No. 48, p. 1), criminal defendants have no right to counsel beyond their first appeal. <u>E.g.</u>, <u>United States v. Kenny</u>, No. 3:01-cr-00185-FDW, 2020 WL 2094116, at *1 (W.D.N.C. Apr. 30, 2020); <u>United States v. Ismel</u>, No. 3:94-CR-00008-1, 2012 WL 113392, at *1 (W.D. Va. Jan. 13, 2012). Defendant has not shown extraordinary circumstances warranting the appointment of counsel at this time.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motions for Compassionate Release and to Reduce Sentence (Doc. No. 48, 50) are DENIED.

IT IS SO ORDERED.

Signed: August 20, 2020

Frank D. Whitney
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.

6
Case 3:08-cr-00082-FDW   Document 53   Filed 08/21/20   Page 6 of 6